UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIA MARLENA WILLIAMS,

       Petitioner,

                                      CASE NO. 2:06-CV-12837
v.                                   HONORABLE PATRICK J. DUGGAN

CLARICE STOVALL,

       Respondent.
       _____/

## OPINION AND ORDER DENYING THE PETITION
## FOR WRIT OF HABEAS CORPUS

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on February 27, 2008.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

**I.**     **Introduction**

This is a habeas case filed under 28 U.S.C. § 2254. Mia Marlena Williams ("Petitioner"), a state prisoner currently confined at the Huron Valley Complex in Ypsilanti, Michigan, challenges her conviction for second-degree murder following a bench trial in the Wayne County Circuit Court in 2003. In her habeas application, Petitioner raises claims concerning the exclusion of evidence and the sufficiency of the evidence at trial. For the reasons set forth herein, the Court denies with prejudice the petition for writ of habeas corpus.

## II. Factual and Procedural Background

Petitioner's conviction arises from the stabbing death of Derrick Nard at Petitioner's home in Detroit, Michigan on November 27, 2002. The Michigan Court of Appeals set forth the pertinent trial testimony concerning the incident and the trial court's decision as follows:

> This case arises out of the stabbing death of Derrick Nard, defendant's former boyfriend. J.C. Williams, defendant's father, testified as follows: He lived with defendant and others at a home in Detroit. Before the stabbing incident, defendant and Nard had been seeing each other romantically for several years, and their relationship had been tumultuous at times. During the early morning hours of November 27, 2002, he heard Nard yelling at the Detroit home. He then saw Nard trying to crawl up some steps from the basement, stating "defendant stabbed me." Defendant screamed and asked if Nard was going to be okay.
>
> Nard died soon after the stabbing occurred. A doctor testified that the stab wound was on Nard's back, going from back to front and from left to right in direction. The doctor indicated that she detected no drugs or alcohol in Nard's system.
>
> The prosecutor played to the jury a tape of a 911 telephone call made from the home on the day in question. The caller stated that "my daughter just stabbed her friend." Loretta Williams, defendant's mother, admitted that she made this telephone call. Loretta testified that she had never witnessed Nard being abusive towards defendant.
>
> Defendant's sister, Lisa Williams, testified that Nard had been physically abusive towards defendant in the past, but the trial court sustained the prosecutor's objection and struck the testimony from the record after the prosecutor argued that the abusive incidents were too remote in time to be relevant. Lisa additionally testified that she heard a "commotion" on the night of the stabbing.

A police officer testified that he was dispatched to the scene of the stabbing and that, upon arriving at the home, he observed no injuries to defendant. He stated that it appeared to him that defendant had been drinking alcohol. He testified that defendant was screaming that "Nard had came [sic] at her with a knife and she somehow got it away from him and he got cut."

Tyria Hughey testified, for the defense, that she saw Nard hitting defendant and verbally abusing her in the summer of 2002. Hughey testified that, on another occasion during the summer of 2002, she heard "tussling" between defendant and Nard and then told Nard that defendant should be taken to the hospital.

Defendant testified as follows: Nard drank and used drugs and was physically abusive towards her. He committed specific instances of physical abuse towards her in 2002. On the date of the stabbing, defendant became upset because she questioned him about his drug use. He threatened to beat her, threatened her with a knife, and called her a "black b___h." He grabbed her from behind while holding the knife, and he got stabbed during an ensuing struggle, while he was still behind her. She did not hold the knife herself during the struggle.

It was elicited that defendant's statement to the police after the incident was consistent with her trial testimony, although in the earlier statement she stated that Nard had been drinking during the night in question.

The court rejected defendant's self-defense theory and convicted defendant of second-degree murder. The court emphasized the police officer's testimony that defendant had screamed that she got the knife away from Nard. The court stated that "she got away from him. She no longer had an honest belief that she was going to be killed or seriously injured." The court further stated, in part:

> This Court is finding the Defendant guilty of murder in the second degree.

3

> * * *
>
> It comes down to these salient points. No one heard the yelling and screaming and hollering that the Defendant describes; no one. Ms. Lisa Williams did hear a slight commotion, but no one heard an argument. She didn't say argument. She said commotion. Nobody heard the confrontation to the degree that Ms. Williams said.
>
> Ms. Williams' version is wholly inconsistent with where Mr. Nard was stabbed, especially with her in front of him.
>
> * * *
>
> Ms. Williams, again, is utterly contradicted by the fact that she said Mr. Nard was drinking.
> * * *
> It's a difficult decision, but it's the only decision this Court can come to based on the evidence in this case.

*People v. Williams*, No. 251049, 2005 WL 356322, at *1-2 (Mich. Ct. App. Feb. 15, 2005) (unpublished) (footnotes omitted). The Michigan Court of Appeals' determination of the facts is presumed correct on habeas review. 28 U.S.C. § 2254(e)(1).

Following her conviction and sentencing, Petitioner filed an appeal as of right raising the same claims presented in her habeas petition. The Michigan Court of Appeals affirmed her conviction and sentence. *Id*. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which the court denied on September 28, 2005. *People v. Williams*, 474 Mich. 871, 703 N.W.2d 816 (2005).

On June 27, 2006, Petitioner filed the present habeas corpus petition asserting the following claims as grounds for relief:

4

> I. The trial court reversibly erred and violated Petitioner's right of due process and the right to present a defense when it excluded evidence of past acts showing Mr. Nard's violent character as well as evidence of Petitioner's mental illness.
>
> II. Petitioner's constitutional rights were violated when the prosecution failed to prove beyond a reasonable doubt that Petitioner acted with requisite malice to sustain a conviction of second-degree murder and did not act in self-defense.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

## III. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if she can show that the state court's adjudication of her claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under Section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848,

1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

**IV. Analysis**

    **A. Evidentiary Claims**

Petitioner first asserts that she is entitled to habeas relief because the trial court

excluded certain testimony concerning the victim's past abusive conduct and excluded evidence of Petitioner's mental illness. Petitioner asserts that the trial court's ruling denied her due process and the right to present a defense. Respondent contends that these claims lack merit and do not warrant relief from this Court.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923 (1967). However, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 1264 (1998). "A defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Id.* (internal quotations omitted). "'The accused does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence.'" *Montana v. Egelhoff*, 518 U.S. 37, 42, 116 S. Ct. 2013, 2017 (1996) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 653 (1988)). The United States Supreme Court has made clear that trial court judges have "'wide latitude' to

7

exclude evidence that is repetitive, marginally relevant, or that poses a risk of 'harassment, prejudice, or confusion of the issues.'" *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986)).

In determining whether the exclusion of evidence infringes upon a defendant's rights, the question is not whether the excluded evidence would have caused the trier of fact to reach a different result. Rather, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 2146 (1986) (citation omitted); *see also Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 1049 (1973).

The Michigan Court of Appeals provided the following reasoning for denying relief on Petitioner's evidentiary claims:

> Defendant contends that the trial court erred by excluding Tyria Hughey's testimony that, in May 2002, when she was in a vehicle with defendant and Nard, Nard threatened to kill defendant and threatened to run the vehicle into a building. The court struck this testimony from the record sua sponte, evidently because it did not pertain to an act of physical violence by Nard against defendant. Even assuming, arguendo, that the court erred in striking this testimony, no basis for reversal is apparent. As noted in *People v. Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999), a nonconstitutional error does not require reversal unless "it is more probable than not that a different outcome would have resulted without the error." Defendant testified about the same incident described in Hughey's stricken testimony. Accordingly, we cannot conclude that a different outcome would have resulted if the testimony in question had not been stricken.
>
> Defendant contends that the trial court erred in disallowing, as

8

"too remote in time," testimony of physical abuse perpetrated against defendant by Nard in 1996 or 1997. This contention is without merit. Indeed, it was within the trial court's discretion to exclude evidence of violence that occurred five or six years before the stabbing incident. The court properly concluded that such evidence would not be relevant to the case at hand. *See, generally, People v. Thomas*, 126 Mich App 611, 623; 337 NW2d 598 (1983) (court did not err in excluding "evidence of violent acts directed at defendant by the victim which had occurred more than 10 years prior to the killing"). Instead, the court properly exercised its power of discretion and allowed evidence of numerous violent acts by Nard against defendant that occurred in 2002. *See id.* No error occurred. Even if the court had erred with respect to this issue, we would find the error harmless, given that evidence of later violent acts was admitted.[5] *See Lukity, supra* at 495.

Defendant contends that the trial court erred in excluding the cross-examination testimony from J.C. Williams that defendant had told him about an abusive incident perpetrated by defendant against her about five or six months before the stabbing. However, the record reflects that the court did not in fact exclude this testimony; it allowed J.C. to answer "yes" when asked "did defendant ever tell you about Nard being abusive to her?"

It is possible that defendant wanted more information to be elicited– beyond a "yes" or "no" answer– about this abusive incident. However, defendant makes no attempt in her appellate brief to explain how additional testimony about the incident would have been admissible despite the evidentiary

---

[5]Defendant contends that evidence of earlier incidents of violence was relevant because it (the earlier violence) occurred when defendant was not under the influence of alcohol or drugs, whereas the later incidents occurred when Nard was intoxicated. She contends that this is relevant because it showed that Nard was violent even when sober (as noted supra, a doctor who examined Nard's body found no evidence of drugs or alcohol in his system). However, in contrast to defendant's argument, the testimony about the later incidents of violence did not limit them strictly to times when Nard was under the influence of drugs or alcohol.

prohibition against hearsay. "A party may not announce a position on appeal and leave it to this Court to unravel or elaborate his claims." *People v. Hicks*, 259 Mich App 518, 532; 675 NW2d 599 (2003). Defendant's argument is waived. Even if the argument had not been waived, we would find any error harmless, given the other testimony about abuse that was allowed into evidence by the trial court. *Lukity, supra* at 495.

Defendant lastly contends that the trial court erred in excluding evidence "about defendant's mental illness, the special school she went to, or the difficulties her parents had raising her due to her mental illness."[6] Defendant claims that "that evidence would have shown why defendant would have over reacted [sic] to an act of aggression by Mr. Nard." No basis for reversal is apparent. Indeed, defendant does not explain on appeal, nor is it apparent from the available record, why evidence of defendant's mental illness would have made her claim of self-defense more credible. As noted, "a party may not announce a position on appeal and leave it to this Court to unravel or elaborate his claims." *Hicks, supra* at 532. Defendant has not borne her burden of establishing her right to appellate relief.

*Williams*, 2005 WL 356322 at *2-3 (footnotes 3 and 4 omitted).

     The Michigan Court of Appeals' decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law. Petitioner was not deprived of a meaningful opportunity to present her self-defense claim. The record contains testimony from witnesses and from Petitioner which showed that Petitioner and the victim had a turbulent relationship and that the victim had been abusive toward Petitioner on several occasions. The additional evidence of the victim's past abusive

---

[6]Defendant did testify, without objection by the prosecutor, that she received governmental monetary assistance because of "mental illness."

conduct that Petitioner sought to present was cumulative. Such evidence also was properly excluded as being inadmissible hearsay or as being too remote in time to be relevant to the stabbing incident. Similarly, the record also contains some testimony concerning Petitioner's mental health condition. Petitioner has not shown that further evidence on this issue would have been relevant to the stabbing incident or her self-defense claim. In any event, Petitioner has failed to show that the trial court's rulings deprived her of a substantial defense. Because the evidence admitted at trial gave Petitioner a sufficient foundation for her claim that she stabbed the victim in self-defense, the exclusion of additional, cumulative evidence did not deprive her of a fair trial. *See, e.g., Blanton v. Elo*, 186 F.3d 712, 715 (6th Cir. 1999).

Lastly, even if the trial court erred in suppressing any of the disputed testimony, such error was harmless. A constitutional error is cause for habeas relief only if it had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721-22 (1993); *Hill v. Hofbauer*, 337 F.3d 706, 718 (6th Cir. 2003).

The trial court, as the fact-finder in this case, was well aware of Petitioner's self-defense claim and the evidence which could support such a defense, including the testimony of Petitioner and her relatives indicating that the victim had been abusive and that Petitioner had mental health issues. The trial court nonetheless concluded that Petitioner acted with the requisite malice in stabbing the victim in the back and that she did not act in self-defense. As discussed *infra*, the prosecution presented significant

evidence of Petitioner's guilt of second-degree murder and Petitioner's version of the events did not comport with the victim's injuries. Therefore, this Court concludes that the challenged evidentiary rulings did not have a substantial or injurious effect or influence upon the verdict. Petitioner has thus failed to establish that the trial court violated her constitutional rights or rendered her trial fundamentally unfair. Habeas relief is not warranted on these claims.

### B. Insufficiency of the Evidence Claim

Petitioner also asserts that she is entitled to habeas relief because the prosecutor presented insufficient evidence to support her second-degree murder conviction. Specifically, Petitioner asserts that the prosecution failed to prove that she acted with malice and did not act in self-defense in stabbing the victim.

A habeas court reviews a claim that the evidence at trial was insufficient for a conviction by asking whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). This standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16, 99 S. Ct. at 2792, n. 16. The habeas court does not reweigh the evidence or redetermine the credibility of the witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003). "It is the province of the fact-finder to weigh the probative value of the evidence and resolve any

12

conflicts in testimony." *Id*. Therefore, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id*. (citations omitted).

Under Michigan law, second-degree murder is the unlawful killing of a human being with malice aforethought. *People v. Goecke*, 457 Mich. 442, 463-64, 579 N.W.2d 868 (1998). Conviction of second-degree murder requires proof of the following elements: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *Id*. To prove malice, the prosecution must establish that the defendant had "the intent to kill, the intent to do great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id*. at 464. Circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense. *People v. Plummer*, 229 Mich. App. 293, 299, 581 N.W.2d 753 (1998).

The Michigan Court of Appeals applied the *Jackson* standard and denied relief on Petitioner's insufficiency of the evidence claim, stating in relevant part as follows:

> When reviewing a challenge to the sufficiency of the evidence in a bench trial, we view the evidence presented in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. The trier of fact may make reasonable inferences from direct or circumstantial evidence in the record.
>
> . . .
>
> The prosecutor sufficiently proved malice by presenting

> evidence that Nard suffered a severe stab wound that caused him to die shortly after being stabbed and that the stabbing occurred in Nard's back, in a position inconsistent with defendant's testimony about the incident. Given this evidence, the court made a proper inference, *see Perkins, supra* at 268-269, that defendant acted with malice in stabbing Nard. The court properly rejected defendant's theory of self-defense, given that defendant's testimony about the incident was inconsistent with the location of the stab wound and given the testimony by the police officer that defendant stated that "she somehow got the knife away from Nard."
>
> Defendant suggests that the evidence more properly demonstrated her guilt of voluntary manslaughter, which requires that a killing occur in the heat of passion caused by adequate provocation. *See People v. Sullivan*, 231 Mich App 510, 518; 586 NW2d 578 (1998). We disagree. There was insufficient evidence of an adequate provocation or that defendant acted in the heat of passion in stabbing Nard. Even if defendant's testimony could be construed as providing evidence of adequate provocation, the trial court did not find defendant's testimony concerning the incident to be credible, and it specifically stated that, "based on the Court's findings, there was no evidence ... that this was a heat of passion situation that mitigates this." As stated in *People v. Hill*, 257 Mich App 126, 141; 667 NW2d 78 (2003), "this Court will not interfere with the role of the trier of fact of determining the weight of the evidence or the credibility of witnesses." Accordingly, reversal is unwarranted.

*Williams*, 2005 WL 356322 at *3-4.

The state court's decision is neither contrary to *Jackson,* an unreasonable application of federal law, nor an unreasonable determination of the facts. Given the evidence that Petitioner stabbed the victim in the back, the lack of evidence that Petitioner was in immediate harm, and the credibility issues concerning Petitioner's version of events, the trial court reasonably concluded beyond a reasonable doubt that Petitioner

acted with malice and without legal justification or excuse so as to support her second-degree murder conviction.

Petitioner's insufficient evidence claim essentially challenges the inferences the trial court drew from the evidence presented at trial. It is well-settled, however, that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume– even if it does not affirmatively appear in the record– that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the trier of fact, not a federal habeas court, to resolve evidentiary conflicts, and this Court must presume that the trier of fact resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. The Michigan Court of Appeals' decision was reasonable. Habeas relief is therefore not warranted on this claim.

## V. Conclusion

For the reasons set forth above, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in her petition.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Mia Marlena Williams, #467021
Huron Valley Complex - Women
3511 Bemis Road
Ypsilanti, MI   48197

Brad H. Beaver, Esq.